IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE, EASTERN DIVISION

---

BRENDA WOODS,

        Plainitiff,

v.                                                                   No.:_____
                                                                                Jury Demanded

SOCIAL SECURITY ADMINISTRATION,
BILLY KIRK,
and other unknown and unnamed entities
and individuals.

        Defendant.

---

## COMPLAINT

---

        Comes now the Plaintiff, Brenda Woods (hereinafter referred to as "Plaintiff"), by and through her attorney of record, Paul Forrest Craig, and sues the Defendant, Brenda Woods (hereinafter referred to as "Defendant") and for cause would show unto the Court:

Parties

        1.        Brenda Woods is a resident of the County of Hardeman, State of Tennessee and resides at .

        2.        Defendant, Social Security Administration, is a division of the United States Government that operates offices throughout the United States and may be served with process through the office of the United States Attorney.

        3.        Defendant, Billy Kirk, is an individual who is employed by the Social Security Administration and may be served with process at this place of employment located at 6612 Mulberry Ave., Selmer, TN 38375

        4.        The Plaintiff anticipates the discovery of unknown and unnamed individuals

through the course of discovery of this matter.

## Jurisdiction

The jurisdiction of this Honorable Court of the matters complained of herein is predicated and founded upon violations of rights guaranteed under the United States Constitution (42 U.S.C. Sec. 1983).

Venue is proper as the events which make up this cause of action occurred in the Western District of the State of Tennessee, Eastern Division.

That the damages sought in the matter in controversy and to which the Plaintiff believes she is entitled exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332.

## Jury Demand

The Plaintiff demands a jury to try this cause when the issues are joined.

## Facts Common to All Claims

1. That Brenda Woods (the "Plaintiff") is an African-American, female and a citizen of the United States.

2. The Social Security Administration (the "Defendant") is a federal agency of the United States Government that is responsible for the administration of Social Security Benefits which includes but is not limited to the issuance of social security cards, and the administration of claims for disability and retirement benefits.

3. The Defendant operates offices throughout the United States and operates one such office at 6612 Mulberry Ave., Selmer, TN 38375.

4. While picking up a social security card for her granddaughter, the Plaintiff was approached and had a conversation with an Intake Personnel, by the name of Billy Kirk.

5. Almost immediately after leaving the office, the Plaintiff's cell phone rang. The

Plaintiff answered the phone only to be addressed by a male individual who refused to identify himself and who made lewd and lacivious comments to the Plaintiff. Said comments were of a sexually suggestive nature.

6. The male individual finally identified himself as Billy Kirk and he stated that he attained her cell phone number from the records that were contained in the Social Security Office in Selmer, Tennessee.

7. The Plaintiff is a community activist. Part of her services that she provides as a community activist is to assist individual in her community with filling out paperwork and following up on claims that said individuals have made with the Social Security Administration at the office in Selmer, Tennessee.

8. Due to her duties and responsibilities as a community activist, the Plaintiff had to be at the office of the Defendant in Selmer, Tennessee on numerous occasions. This meant that she had to be in constant contact with Mr. Billy Kirk.

9. On the initial phone call from Mr. Kirk, and the numerous subsequent phone calls, the Plaintiff made it perfectly clear that she had no interest in Mr. Kirk in a sexual way. Further, the Plaintiff made repeated request for Mr. Kirk to cease calling her on her cell phone.

10. Disregarding the demand of the Plaintiff for Mr. Kirk to stop contacting her on her telephone, Mr. Kirk persisted in contacting her by phone call and inappropriate text messages. Mr. Kirk even sent a text message to the Plaintiff in the Fall of 2017 which he stated was a picture of his genitalia.

11. That the vast majority of the phone and text contact between Mr. Kirk was done

during the hours in which he was working for Defendant Social Security Administration and appeared to be done during the scope of his employment with the Social Security Administration.

12. After Mr. Kirk had disregarded the Plaintiff's demands that he cease contacting her, the Plaintiff informed Mr. Kirk that she would have no alternative but to report his behavior to his superiors at the office of the Defendant Social Security Administration in Selmer, Tennessee.

13. Mr. Kirk informed the Plaintiff that she could go ahead and report his behavior. He informed the Plaintiff that everyone in the Selmer, Tennessee office stuck together and that it would do no good. He further informed her that everyone in the Selmer, Tennessee office knew of her assistance to other citizens getting Social Security benefits and that if he was reported that all of the individuals that the Plaintiff had assisted would be denied.

14. In November, 2017, the Plaintiff meet with Ms. Wheeler, the supervisor of Mr. Kirk, in the Selmer, Tennessee office and made a complaint against Mr. Kirk's lewd and lacivious phone calls and text messages. In addition to making this initial complaint, the Plaintiff made a follow-up phone complaint to Patrick Gaines, the manager of the Defendant's Selmer, Tennessee office.

15. The Plaintiff also made a complaint about the Selmer, Tennessee office to the Defendant's Regional Office in Atlanta, Georgia. The Plaintiff spoke with Maria Carson.

16. After making the complaint to the Regional Office, the Plaintiff was informed by an individual at the Regional Office that they had been in contact with the Selmer, Tennessee office and that they had been informed that this situation had been addressed.

17. After making the initial complaint to the Selmer, Tennessee office of Defendant Social Security Administration, all of the individuals whom the Plaintiff was assisting with their

claims were denied their disability benefits.

18. In fact, one individual whom the Plaintiff had been assisting has reapplied without the assistance of the Plaintiff being known and has already had their benefits approved.

19. Further, the Selmer office of the Social Security Administration has taken steps interfering with the Plaintiff's own Social Security benefits since she made the reports of Mr. Kirk's inappropriate behavior.

20. The Selmer office of the Social Security Administration has subjected the Plaintiff to having to fill out additional paperwork regarding her own benefits and the benefits of her grandchildren for which she is designated as the representative payee.

21. Prior to the reporting of the numerous incidents of inappropriate behavior of Mr. Billy Kirk, the Plaintiff had never been subjected to having to provide additional paperwork regarding her claim nor the claims of her grandchildren.

22. Based upon information and belief, the Defendant's Selmer, Tennessee office took retaliatory steps against the Plaintiff for making the complaint against Mr. Kirk.

23. Based upon information and belief, Mr. Kirk remains in the employ of the Defendant and is currently working in the Defendant's Selmer, Tennessee office.

24. In fact, after the Plaintiff reported the inappropriate behavior of Mr. Kirk towards her, the Selmer office of Defendant Social Security Administration has referred her to Mr. Kirk in order to address the above-referenced paperwork.

25. The Plaintiff seeks both compensatory and punitive damages in an amount to be proven at a hearing of this cause for Defendant's violation of the Plaintiff's constitutional rights (42 U.S.C. Sec. 1983).

Count One

Violation of Plaintiff's Civil Rights

26. The Plaintiff reiterates, restates and incorporates by reference all of the allegations contained in paragraphs 1-25 of the complaint as if set forth herein verbatim.

27. That the actions of the Defendants are in violation of the Plaintiff's civil rights as defined in 42 U.S.C. Sec. 1981 *et seq*.

28. The laws of the United States guarantees the Plaintiff the benefits of and the use of the services of the Social Security Administration.

29. The 'liberty interest" of the Due Process Clause of the United States constitution guarantees the Plaintiff the right to engage with the Social Security Administration and be from harm to her physical being.

30. The actions of Defendant Kirk constitute an assault upon the physical being of the Plaintiff.

31. The actions of Defendant Kirk were inappropriate and unwanted by the Plaintiff. The Plaintiff made it abundantly clear of the unwanted nature of these inappropriate advance; however, Defendant Kirk continued with said inappropriate conduct.

32. The inappropriate actions of Defendant Kirk constitutes a violation of the Plaintiff' due process rights protected by the United States Constitution.

33. Defendant Kirk conducted said inappropriate conduct while in the offices of Defendant Social Security Administration at a period in time when said office was conducting business. The actions of Mr. Kirk appear to have been done as a part of his scope of employment.

34. At all times complained, Defendant Kirk was complying with the policies and

procedures of the Social Security Administration. As such, this violation of the Plaintiff's due process rights results out of the policies and procedures of Defendant Social Security Administration.

35. The First Amendment of the United States Constitution guarantees the Plaintiff to grievance with any agency of the United States government.

36. Due to the refusal of Defendant Kirk to not stop his inappropriate behavior, the Plaintiff exercised her First Amendment right to grieve (or complain) to Defendant Social Security Administration about Mr. Kirk.

37. Rather, than address the complaints of the Plaintiff, Defendant Social Security Administration, by and through the action of Defendant Kirk and other employees, sought to engage in behavior which was designed to harass and retaliate against the Plaintiff.

38. These actions on the part of Defendant Social Security Administration, include but are not limited to, the denial of benefits to individuals the Plaintiff was assisting, requiring the Plaintiff to fill out forms and perform additional recordkeeping which had not previously been required, and making the Plaintiff have to engage with Defendant Kirk regarding these issues.

39. The actions of Defendant Social Security Administration, by and through the actions of Defendant Kirk and other employees were designed to punish the Plaintiff for the exercise of her constitutional First Amendment rights.

40. The actions of Defendant Social Security Administration, by and through the actions of Defendant Kirk and other employees, violated the Plaintiff's constitutional rights protected by the First Amendment of the United States Constitution.

41. Defendant Social Security Administration has established policies and procedures

for the filing of grievances and the proper manner for handling such grievances

42. At all times complained, Defendant Social Security Administration, by and through the actions of Defendant Kirk and other employees, was complying with their policies and procedures. As such, this violation of the Plaintiff's First Amendment rights results out of the policies and procedures of Defendant Social Security Administration.

43. That these actions of the Defendant violate the Plaintiff's Civil Rights (42 U.S.C. Sec. 1983).

44. That as a result of the Defendants' violation of the Plaintiff's Civil Rights (42 U.S.C. 1983), the Plaintiff has suffered damages in an amount to be proven at a hearing of this cause.

WHEREFORE, premises considered, the Plaintiff prays:

1. That proper process and notice issue and be served upon the Defendant herein requiring it to answer this Complaint.

2. That the Plaintiff reserves the right to amend the complaint.

3. That upon a hearing of this cause that the matters in controversy be decided by a jury.

4. That upon a hearing of this cause, the Plaintiff be awarded damages both compensatory and punitive in a total amount to be proven at a hearing of this cause.

5. That the Plaintiff be reinstated to her position with the Defendant.

5. That upon a hearing of this cause, the Plaintiff be awarded attorney fees and appropriate court cost and expenses for having to bring this action.

6. For such other and further relief as may be just and proper within these premises.

        Respectfully submitted,

        <u>s/Paul Forrest Craig</u>
        PAUL FORREST CRAIG (#018359)
        Attorney for Plaintiff
        2400 Poplar Ave., Ste. 210
        Memphis, TN 38112
        (901) 526-7837